Rockingham County v. Reynolds Co.

---

ROCKINGHAM COUNTY v. L. A. REYNOLDS COMPANY AND ARGONAUT INSURANCE COMPANY

No. 7617SC391

(Filed 6 October 1976)

Counties § 8— county contract — accountant's certification
    A county's contract for grading work in the construction of a county airport was invalid for failure to comply with former G.S.

153-130 where it contained no statement signed by the county account-ant that provision for the payment of money due under the contract had been made by appropriation duly made or by bonds or notes duly authorized, notwithstanding the contract was a "continuing" contract within the meaning of former G.S. 153-2.1, since the provision in G.S. 153-2.1 that the statement required by G.S. 153-130 "shall be placed on a continuing contract only if sufficient funds have been appropriated to meet the amount to be paid . . . in the fiscal year in which the contract is made" does not mean that some continuing con-tracts are excluded from the G.S. 153-130 requirement of certification but means that the required certification shall not be made unless the necessary appropriations have been authorized.

APPEAL by plaintiff from *Walker, Special Judge*. Judgment entered 9 February 1976 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 16 September 1976.

On 20 November 1972, Rockingham County hired L. A. Reynolds Company to do heavy grading work in the construction of the Rockingham County airport. The work, had it been done, would have continued until the very end of fiscal year 1972-1973. Final payment would not have been due until the work was in-spected and accepted by the county. It is almost certain that final payment would not have been made until fiscal year 1973-1974.

Reynolds repudiated the contract, and the county relet the contract at a higher bid and sued Reynolds and its surety for damages. Defendants moved for summary judgment, and the court ruled that the contract was invalid for failure to com-ply with G.S. 153-130. Rockingham County appeals from sum-mary judgment in favor of defendants.

*Griffin, Post, Deaton & Horsley, by Hugh P. Griffin, Jr., for plaintiff appellant.*

*Hatfield and Allman by Weston P. Hatfield and R. Brad-ford Leggett, for defendant appellees.*

ARNOLD, Judge.

The court granted summary judgment on the ground that the contract was invalid for failure to comply with G.S. 153-130, a section of the General Statutes which was then in force but has since been repealed. This section provided in part:

" . . . No contract . . . requiring the payment of money [by a county] shall be valid unless the same be in writing, and unless the same shall have printed, written or type-

written thereon a statement signed by the county account-
ant as follows: 'Provision for the payment of moneys to
fall due under this agreement has been made by appropri-
ation duly made or by bonds or notes duly authorized, as
required by the "County Fiscal Control Act." ' "

The required language was omitted from the contract between
Rockingham County and L. A. Reynolds Company. Therefore,
nothing else appearing, the contract was invalid.

Rockingham County argues that G.S. 153-2.1 creates an
exception to G.S. 153-130. G.S. 153-2.1 applies to "continuing
contracts," that is, contracts "some portion of which or all of
which may be performed in an ensuing fiscal year." Thus, G.S.
153-2.1 pertains to the contract before us. The statute stipulates
that "no [continuing] contract shall be entered into unless suf-
ficient funds have been appropriated to meet any amount to be
paid . . . in the fiscal year in which the contract is made."
The statute concludes, saying, "The statement required by G.S.
153-130 . . . *shall* be placed on a continuing contract *only* if suf-
ficient funds have been appropriated to meet the amount to be
paid . . . in the fiscal year in which the contract is made." (Em-
phasis added.)

The word "only" does not mean that some continuing con-
tracts are excluded from the G.S. 153-130 requirement of cer-
tification. It simply means thaat the required certification shall
not be made unless the necessary appropriations have been
authorized. If no such appropriation has been made, the county
is prohibited from entering into the continuing contract.

Summary judgment for defendants was properly entered.
The contract did not include the statement required by G.S.
153-130, and it was thus invalid.

Affirmed.

Judges MORRIS and HEDRICK concur.